**Greenberg Estate**

*Albert Momjian,* for Maxine W. Greenberg.
*Arthur L. Jenkins Jr.,* for Sigmund R. Greenberg.

STEFAN, *J.,* March 15, 1991 — On September 17, 1990, Sigmund R. Greenberg, parent and natural guardian of Evan J. Greenberg, a minor, filed a petition for citation for a rule to show cause why Maxine W. Greenberg should not be surcharged and removed as custodian of property of Evan Greenberg under the Pennsylvania Uniform Gifts to Minors Act, 20 Pa.C.S. §5301 et seq. On October 19, 1990, Maxine Greenberg, Evan's mother, filed an answer to the petition for citation alleging, inter alia, all of the expenditures from Evan's custodial property were made for her son's benefit, support, maintenance and education. Evan's parents are divorced and he resides with his mother.

On November 24, 1990, Evan turned 18 years of age. Thereafter, Mrs. Greenberg submitted an accounting. Evan obtained his own attorney, and subsequently submitted a written ratification of the sums spent by his mother, and a request that she be retained as the custodian.

The sole issue before the court is whether an 18-year-old can ratify the acts of a custodian under the UGMA, when that statute, in section 5302, defines a minor as "a person who has not attained the age of 21 years."

The UGMA gives the custodian extremely broad discretion in expending the custodial property. Section 5305(b) provides:

"The custodian shall pay over to the minor for expenditure by him or expend for the minor's benefit so much of or all the custodial property as the custodian deems advisable for the support, maintenance, education and benefit of the minor, in the manner, at the time or times, and to the extent that the custodian, in his discretion, deems suitable and proper, with or without court order, with or without regard to the duty of himself or of any other person to support the minor, or his ability to do so, and with or without regard to any other income or property of the minor, which may be applicable or available for any such purpose."

As this and other sections of the UGMA show, the act permits total depletion of the custodial assets before the minor reaches the age of 21 years, at which time distribution of any remaining assets is mandatory. This feature of UGMA accounts is in sharp contrast to minors' estates, where the principal is jealously guarded until the guardianship is terminated, and may be invaded only with prior

court approval. (Section 5164 of the Probate, Estates and Fiduciaries Code).

Although the UGMA defines a donee as a minor until the age of 21, the act deems an 18-year-old eligible to be a donor of custodial property, and capable of exercising the discretion necessary to serve as custodian of the funds of another. (Section 5303.) From this incongruity, it appears that the attainment of the age of 21 years does not trigger the acquisition of the rights of adulthood; rather, this event signals the termination of the UGMA custodial relationship. Accordingly, the court holds that an 18-year-old has the right to approve the acts of a custodian of UGMA assets.

Instantly, Evan Greenberg received a full accounting of the expenditures from his custodial property. He executed a ratification of same, with the advice of independent counsel. At the time of hearing and argument before the undersigned, he demonstrated a complete understanding and acceptance of the custodian's actions.

In light of the foregoing, the following order is appropriate.

## ORDER

And now, March 15, 1991, after argument and consideration of memoranda of law, the petition for removal of Maxine W. Greenberg as custodian for Evan J. Greenberg, a minor, is denied.